IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| GABRIEL SEGOVIA,<br>    Plaintiff,<br><br>vs.<br><br>MONTGOMERY COUNTY,<br>TENNESSEE, NORMAN LEWIS,<br>SHERIFF OF THE MONTGOMERY<br>COUNTY SHERRIFF'S DEPARTMENT<br>IN HIS OFFICIAL CAPACITY AND<br>INDIVIDUAL CAPACITY,<br><br>    Defendant. | ) <br> ) <br> ) Case No.: 3: 10 0325 <br> ) <br> ) <br> ) <br> ) JUDGE CAMPBELL <br> )MAGISTRATE JUDGE GRIFFIN <br> ) <br> ) <br> ) <br> ) <br> ) JURY DEMAND |

## INITIAL CASE MANAGEMENT PLAN AND ORDER

Pursuant to Rule 11(d)(2) of the Local Rules of Court, the parties submit the following Case Management Plan and Proposed Order.

### 1. JURISDICTION.

This Court has jurisdiction of this case pursuant to 28 U.S.C. §1391. Jurisdiction is not disputed.

### 2. STATUS OF SERVICE OF PROCESS.

The Plaintiff's original Complaint was filed on or about March 30, 2010, this Honorable Court. The Defendant, NORMAN LEWIS was served with process on 04-19-2010. The Defendant, MONTGOMERY COUNTY, TENNESSEE was served on 4-19-2010.

1

### 3. STATUS OF RESPONSIVE PLEADINGS.

The Defendant has not filed an Answer.

### 4. LIMITATIONS ON DISCOVERY.

**a. Staging and Timing.** The parties propose the following schedule for discovery;

(1) Initial Disclosures: Pursuant to Fed. R. Civ.P.26(a)(1), all parties must make their initial disclosures within 30 days after the initial case management conference and shall be due on **June 10, 2010**;

(2) Discovery is to begin after the initial conference of May 10, 2010. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, if unable to resolve their differences, have scheduled and participated in a conference telephone call.

(3) All depositions shall be complete and all responses to written discovery shall be served no later than **November 15, 2010.**

(4) Expert Disclosures shall be due by **November 30, 2010**, for the Plaintiff and **December 14, 2010**, by the Defendant. Expert depositions shall be concluded by **March 15, 2011**.

Dispositive Motions: Briefs shall not exceed 25 pages.

Dispositive motions shall be filed no later than **January 14, 2011**. Responses to dispositive motions shall be filed no later than **February 14, 2011**. Replies shall be filed no later than **February 28, 2011**.

## 5. TARGET TRIAL DATE AND PROJECTED LENGTH OF TRIAL.

Subject to the Court's calendar, the parties anticipate a target trial date of June 14, 2011, and estimate a trial length of 3 – 4 days.

## 6. SETTLEMENT.

### a. The Prospects For Settlement.

The parties have not had the opportunity to discuss settlement at this point in the case.

### b. The need for and timing of alternative dispute resolution techniques.

The parties will confer regarding whether alternative dispute resolution techniques are appropriate.

## 7. THE NEED FOR ADOPTING SPECIAL PROCEDURES DUE TO THE COMPLEXITY OF THE ISSUES, MULTIPLE PARTIS, DIFFICULT DISPOSITIVE ISSUES, OR UNUSUAL PROOF PROBLEMS.

The parties do not anticipate the need for any special procedures at this time.

8. **FORMULATION AND SIMPLIFICATION OF ISSUES AND EACH PARTY'S THEORY OF THE CASE.**

   a. **Plaintiff's Theory of the Case.**

   The Plaintiff began his employment with the Defendant Montgomery County as an employee of the Montgomery County Sheriff's Department as a school resource officer in 1999.

   The Plaintiff submitted his opinion to the local newspaper expressing his political views on or about February 18, 2009, regarding the building of a public marina and the expenses associated therewith, clearly a matter of public interest, and as such protected speech, and expressly set forth therein that his views were expressed as a private citizen. Two (2) days later the Plaintiff was called into Sheriff Norman Lewis' Office and yelled at and berated for expressing his views as a private citizen in the local newspaper, and advised the Plaintiff that "he was taking a lot of heat" for the Plaintiff's opinion expressed in the February 18, 2009, Leaf Chronicle.

   As a result of voicing his political views the Plaintiff was shortly thereafter terminated on March 31, 2009.

   b. **Defendant's' Theory of the Case.**

   The Defendant's Montgomery County, Tennessee and Defendant Norman Lewis, in his official and individual capacities, submit this theory of their case in this matter. The Plaintiff, Gabriel Segovia, was hired by Montgomery County, Tennessee as a Student Resources Officer (SRO) in 1999. Plaintiff was assigned to different Clarksville-Montgomery County School System schools

4

during his employment with Defendant. Plaintiff at all times during his employment was an at will employee.

The Defendant Montgomery County, Tennessee as an employer of a Sheriff's Department member is controlled by the Policies, Procedures and Guidelines Manual of the Office of the Montgomery County Sheriff which clearly states that all employees of the Montgomery County Sheriff's Office "will be considered employees at-will. Employees may be terminated for failure to satisfactorily perform their duties or simply at the will of the Sheriff, but shall not be terminated for any protected status…"

During the 2008-2009 school year, Plaintiff was assigned as the SRO at Clarksville High Schools ("CHS"). There were complaints by the CHS administration to Plaintiff's SRO supervisors with the Defendant regarding Plaintiff's performance at CHS. There was also an allegation of inappropriate conduct as alleged by a third party to the local newspaper. AS a result, an Internal Affairs Investigation was initiated regarding Plaintiff's performance of SRO duties. An extensive investigation of such claims occurred which included among other things, interviewing over thirty persons. One of those interviews was of Plaintiff. In addition prior to his interview, Plaintiff rebutted in writing the written concerns of the CHS administration. The investigation revealed additional concerns regarding the Plaintiff's job performance. After the Internal Affairs Investigation was completed and a report was made to the Sheriff, he made the decision to terminate Plaintiff.

5

The Plaintiff was terminated effective March 30, 2009, for dishonesty, insubordination, and conduct unbecoming a member of the Montgomery County Sheriff's Office. The Plaintiff was not terminated because he wrote a letter to the editor of <u>The Leaf Chronicle</u>. Said letter was not a factor considered at all by Defendants regarding the decision to terminate which was made several weeks after the letter to the newspaper. The Defendants have a policy which state that it does not prohibit its employees from exercising their First Amendment right of free speech. The Defendant's considered the legitimate needs of the Sheriff's Department and did not base the decision to terminate Plaintiff on any First Amendment rights that may have been exercised by Plaintiff.

The Defendants deny that its actions against the Plaintiff are in violation of his First or Fourteenth Amendment rights or 42 U.S.C. § 1983 or any other legal theory proposed in the Complaint. Defendants deny that Plaintiff was wrongfully discharged under Tennessee law or that he was defamed by them. There is an apparent conspiracy claim which is so poorly pled it cannot be determined who the alleged conspirators are or even the nature of the conspiracy. The Defendants have immunity from suit from many of Plaintiff's claims. The Defendants further aver that the Plaintiff is not entitled to any damages in any form from the Defendants. To the extent damages can be proven, the Plaintiff has a duty to mitigate his damages.

**C.     ISSUES RESOLVED**: Jurisdiction and venue are not disputed.

**D.     ISSUES STILL IN DISPUTE:** Liability and damages.

**E.     INITIAL DISCLOSURES:**   The parties shall exchange initial disclosures pursuant to FED.R. Civ.P. 26(a)(1) on or before **June 10, 2010**;

**F.     DISCOVERY:**   The parties shall complete all written discovery by **November 15, 2010** and depose all fact witnesses on or before **November 15, 2010**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including sub-parts.

**G.     MOTION TO AMEND:**   The parties shall file all Motions to Amend on or before **January 14, 2011.**

**H.     DISCLOSURE OF EXPERTS:**   The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **November 30, 2010**. The Defendant shall identify and disclose all expert witnesses and reports on or before **December 14, 2010**.

**I.     DEPOSITIONS OF EXPERT WITNESSES:**   The parties shall depose all expert witnesses on or before **March 15, 2011**.

**J.     DISPOSITIVE MOTIONS:**   The parties shall file all dispositive motions on or before **January 14, 2011**. Responses to dispositive motions shall be filed by **February 14, 2011**. Optional replies shall be filed within 14 days after service and filing of the response.   Briefs shall not <u>exceed 2</u>5 pages.

**L.     ESTIMATED TRIAL TIME**:     The parties expect the trial to last approximately three (3) to four (4) days.  The target trial date is June 14, 2011.

**DATED** this _____ day of May, 2010.

**IT IS SO ORDERED.**

_____
MAGISTRATE JUDGE GRIFFIN

**Respectfully Submitted by:**
**Counsel for the Plaintiff:**

_/Robert J. Martin_____
Robert J. Martin, BPR # 14641
529 Franklin Street
Clarksville, TN  37040
(931) 645-0203
(931) 645-5650 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been sent by U.S. Mail, postage prepaid, by facsimile, or hand delivered to the Honorable Mark Nolan, BATSON NOLAN WILLIAMSON PEARSON & MILLER, 121 South Third Street, Clarksville, TN 37040, on this the 7th day of May 2010.

/s/ Robert J. Martin
Robert J. Martin