IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GABRIEL SEGOVIA ) | |
| ) | |
| v. ) | No. 3-10-0325 |
| ) | |
| MONTGOMERY COUNTY, ) | |
| TENNESSEE; and NORMAN LEWIS, ) | |
| Sheriff of the Montgomery County ) | |
| Sheriff's Department, in his official ) | |
| and individual capacity ) | |

O R D E R

By contemporaneously entered order, the Court has approved and entered the plaintiff's proposed case management order (Docket Entry No. 8),[1] with modifications addressed at the initial case management conference held on May 10, 2010. Those modifications, along with reconciliation of differences between the two orders, and other matters addressed on May 10, 2010, are as follows:

1.  The Clerk is directed to terminate the portion of the defendants' answer (Docket Entry No. 9) that included a motion to dismiss inasmuch as defendants' counsel represented that she did not intend for the answer to also serve as a motion to dismiss.

2.  The portion of the defendants' answer (Docket Entry No. 9) seeking a more definite answer is GRANTED.

3.  The plaintiff shall have until May 24, 2010, to file an amended complaint more definitely setting out the plaintiff's conspiracy-to-defame claim (§ VII), including the participants in any such alleged conspiracy and explaining the nature of conspiracy. Alternatively, the plaintiff may, by May 24, 2010, file an amended complaint omitting the reference to "conspiracy to defame" in the caption of § VII.

---

[1] The Court has entered the plaintiff's proposed order rather than the defendant's proposed case management order (Docket Entry No. 7) because the plaintiff's proposed order included both parties' theories of the case, whereas the defendants' proposed order only included the defendants' theory of the case. However, the Court has included some provisions in the defendants' proposed order in this order that were not provided in the plaintiff's proposed order.

The plaintiff shall not be permitted to amend his original complaint, except in § VII, without consent of the defendants or leave of Court.

4. The defendants shall have until June 7, 2010, to file an answer to the plaintiff's amended complaint.

5. The parties shall have until June 10, 2010, to serve initial disclosures in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

6. The parties have not yet reached an agreement on how to conduct electronic discovery. Therefore, the default standard provided in Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007, shall apply in this case until such time, if ever, the parties reach an agreement as to electronic discovery.

7. All written discovery shall be responded to and all fact discovery completed by November 15, 2010.

8. Any discovery motion related to fact discovery shall be filed by November 17, 2010, or, alternatively, a telephone conference call with the Court to address any discovery dispute shall be scheduled no later than November 17, 2010.

9. All motions to amend the pleadings shall be filed by January 14, 2011.

10. On or before January 14, 2011, the parties shall file a joint mediation report, indicating the potential for settlement and propriety of ADR, and, if the parties believe that ADR would be productive, the form of ADR that they have selected and when and before whom the parties expect such proceeding to be conducted.

11. All expert discovery shall be completed by March 15, 2011.

12. Any dispositive motion shall be filed by January 14, 2011. Any response shall be filed within 31 days of the filing of the motion or by February 14, 2011, if the motion is filed on January 14, 2011. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by February 28, 2011, if the response is filed on February 14, 2011.

If a dispositive motion is filed prior to January 14, 2011, the responding party shall have 31 days from the filing of the motion to file a response and the filing party shall have 14 days from the filing of the response to file a reply.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable Todd J. Campbell, Chief Judge.

There shall be no stay of discovery before the November 15, 2010, deadline for completion of fact discovery or the March 15, 2011, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

Neither party shall file more than one Rule 12 motion to dismiss or more than one Rule 56 motion for summary judgment except upon order of Chief Judge Campbell.

Based on the schedule set out herein and in the contemporaneously entered order, the parties request that a jury trial be scheduled on June 14, 2011. If the Court is not able to schedule the trial on June 14, 2011, the parties are available on June 21, 2011, July 12, 2011, and August 23, 2011, and thereafter, but are not available the week of June 28, 2011, and between July 18, 2011, and August 23, 2011. The parties estimate that the trial will last 3-4 days.

It is so ORDERED.

*/s/ Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge