IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GABRIEL SEGOVIA )
)
v. ) No. 3-10-0325
)
MONTGOMERY COUNTY, )
TENNESSEE; and NORMAN LEWIS, )
Sheriff of the Montgomery County )
Sheriff's Department, in his official )
and individual capacity )

O R D E R

The plaintiff's motion to extend discovery deadline (Docket Entry No. 22) is reluctantly GRANTED to the extent that the deadline for the plaintiff to serve written discovery is again extended to December 20, 2010. The November 15, 2010, deadline for completion of all other fact discovery is not otherwise extended.

As a result of entry of this order, the plaintiff's motion to ascertain status (Docket Entry No. 25) is GRANTED.

The defendants oppose the plaintiff's motion because the plaintiff has not shown good cause for extending the deadline. The order entered May 12, 2010 (Docket Entry No. 10), provided, inter alia, a November 15, 2010, deadline for completion of all depositions of fact witnesses and all written discovery. The second order entered May 12, 2010 (Docket Entry No. 11), specifically provided that all fact discovery would be completed by November 15, 2010, and that all responses to written discovery would be served by November 15, 2010, requiring the parties to serve written discovery no later than October 16, 2010.

On October 15, 2010, the plaintiff filed a motion to extend the deadline for serving written discovery to October 22, 2010 (Docket Entry No. 19). The defendants opposed that motion, pointing out that the plaintiff had had five months to serve written discovery but had yet to serve any. The defendants also expressed concern that they might not have the full 30 days to respond to any written discovery before the November 15, 2010, deadline, and that, after receiving responses to her written discovery, the plaintiff might seek to reconvene one or more depositions that had been

conducted before she received discovery responses, which would be problematic in light of the January 14, 2011, deadline for filing dispositive motions,

The plaintiff's motion was granted by order entered October 26, 2010 (Docket Entry No. 21), but the Court made it clear that the extension of time for the plaintiff to serve written discovery would not be cause for the plaintiff to seek to reconvene any depositions or to modify any other scheduling deadlines.

The defendants essentially oppose the plaintiff's instant motion for the same reasons they opposed the first motion, and they interpret the October 26, 2010, order as specifically prohibiting any further extension of the deadline for serving written discovery. Although the Court appreciates the defendants' frustration and agrees that the plaintiff has not shown good cause for another extension, the defendants have not shown that further extending the deadline will cause them any prejudice or put any other scheduling deadlines in jeopardy. The plaintiff shall not be permitted to reconvene or seek to take any additional depositions or otherwise engage in any fact discovery[1] except propounding written discovery no later than December 20, 2010.

All other deadlines provided in the orders entered May 12, 2010 (Docket Entry Nos. 10-11) remain in full force and effect.

Although the Court's intent in precluding the plaintiff from modifying any other scheduling deadlines, as provided in the October 26, 2010, order was not necessarily as articulated by the defendants, as a result of the extension granted herein, the Court will not entertain any further motions from the plaintiff to extend the deadline for serving written discovery or any other scheduling deadlines absent extraordinary circumstances.

Although it is not apparent to the Court that it would be necessary, if, for whatever reason, the defendants want to serve responses to the plaintiff's written discovery before they file a

---

[1] As provided in the May 12, 2010, orders, the deadline for completion of expert discovery is March 15, 2011. The Court does not know whether the plaintiff disclosed experts by the November 30, 2010, deadline or whether the defendants will disclose experts by the December 14, 2010, deadline.

dispositive motion, the Court would be willing to extend the January 14, 2011, deadline for the defendants to file any dispositive motion, upon motion filed by the defendants.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

                                            JULIET GRIFFIN
                                            United States Magistrate Judge