IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GABRIEL SEGOVIA )
)
v. ) No. 3-10-0325
)
MONTGOMERY COUNTY, )
TENNESSEE; and NORMAN LEWIS, )
Sheriff of the Montgomery County )
Sheriff's Department, in his official )
and individual capacity )

O R D E R

The plaintiff's motion to allow additional interrogatory questions (Docket Entry No. 27), filed on December 20, 2010, is DENIED.

The instant motion is the third motion filed by the plaintiff relating to service of written discovery. The order entered May 12, 2010 (Docket Entry No. 10), provided, inter alia, a November 15, 2010, deadline for completion of all depositions of fact witnesses and all written discovery. The second order also entered May 12, 2010 (Docket Entry No. 11), clarified that the November 15, 2010, deadline meant that the parties must serve written discovery no later than October 16, 2010.

On October 15, 2010, the plaintiff filed a motion to extend the deadline for serving written discovery to October 22, 2010 (Docket Entry No. 19). The defendants opposed that motion, pointing out that the plaintiff had had five months to serve written discovery but had yet to serve any. Despite the defendants' objections, the plaintiff's motion was granted by order entered October 26, 2010 (Docket Entry No. 21).

On November 10, 2010, the plaintiff filed another motion to extend the deadline to serve written discovery to December 20, 2010 (Docket Entry No. 22). The defendant again opposed that motion because the plaintiff did not show good cause for extending the deadline. By order entered December 8, 2010 (Docket Entry No. 26), the Court reluctantly granted the plaintiff's motion and extended the deadline for the plaintiff to serve written discovery to December 20, 2010. In that

order, the Court specifically provided that it would not entertain any further motions from the plaintiff to extend the deadline for serving written discovery or other scheduling deadlines absent extraordinary circumstances. If additional discovery is served, it could impact the other scheduling deadlines, particularly the January 14, 2011, deadline for filing dispositive motions, as provided in the May 12, 2010, orders.

In the instant motion, the plaintiff does not specifically request that the December 20, 2010, deadline to serve written discovery be extended, but instead seeks to expand the number of interrogatories to be propounded on the defendants. However, it appears that granting the motion would result in the plaintiff's serving additional written discovery after December 20, 2010. The plaintiff did not indicate in the motion how many interrogatories the plaintiff previously served or how many additional interrogatories the plaintiff seeks to serve.

The plaintiff explains that he served requests for admission on the defendant but "certain requests were denied with no explanation." The plaintiff did not, however, attach a copy of the requests for admission served on the defendants or the defendants' responses. Rule 36(a)(4) of the Federal Rules of Civil Procedure provides that, if a matter is not admitted:

> the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; . . . The answering party may assert lack of knowledge or information as reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

If the plaintiff believes that the defendants have not fulfilled their obligations pursuant to Rule 36, plaintiff's counsel shall confer with defendants' counsel and, if the parties cannot resolve any disputed issues, the plaintiff may file a motion pursuant to Rule 36(a)(6) to determine the sufficiency of any answer, accompanied by a joint discovery statement in accord with Rule 37.01(a). Any such motion shall be filed no later than January 3, 1011.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge

of the basis for the appeal.  See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

						_____
						JULIET GRIFFIN
						United States Magistrate Judge