IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GABRIEL SEGOVIA | ) |
| | ) |
| v. | ) NO. 3-10-0325 |
| | ) JUDGE CAMPBELL |
| MONTGOMERY COUNTY, et al. | ) |

ORDER

Pending before the Court is Plaintiff's Motion to Obtain Earlier Trial Date (Docket No. 54). Plaintiff's Motion is GRANTED in part and DENIED in part as follows.

Due to congestion of the Court's calendar, this action may not be set for trial in the fall of 2011. Plaintiff also requests that the trial be moved to late January or early February because of the Christmas and New Year's holidays.

The jury trial of this action, currently set for January 10, 2012, is continued until Tuesday, February 7, 2012, beginning at 9:00 a.m. The pretrial conference, currently set for December 30, 2012, is continued until January 30, 2012, at 9:00 a.m.

Counsel shall submit a Joint Proposed Pretrial Order to the Court by January 23, 2012. The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendants' theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court, by January 23, 2012, the following:

(1) joint proposed jury instructions and verdict forms as follows:

> Counsel shall exchange proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach agreement. Thereafter, counsel shall jointly prepare and file a set of agreed, proposed, case specific, jury instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. Counsel shall separately file any disputed jury instructions or verdict forms.
>
> Certain standard, non-case specific jury instructions generally used by the Court are available on the Court's website: http//www.tnmd.uscourts.gov/campbell.html. Counsel with internet access shall file any objections to these standard jury instructions.

(2) witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3);

(3) exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); and

(4) any stipulations.

By January 16, 2012, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by January 23, 2012.

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(6)d. Responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Local Rules 33.01(c), 34.01 and 36.01. The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

In addition, the parties shall file briefs, on or before January 23, 2012, on what damages are recoverable in this action and, for each, whether the Court or the jury determines the amount. The parties shall also propose a method for reducing any future damages to present value.

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss proposed jury instructions and verdict forms;

(8) discuss settlement; and

(9) discuss pretrial briefs.

If settlement is reached after jurors have been summoned, resulting in the non-utilization of the jurors, the costs of summoning the jurors may be taxed to the parties.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE