IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GABRIEL SEGOVIA ) | |
| ) | |
| v. ) | No. 3-10-0325 |
| ) | |
| MONTGOMERY COUNTY, ) | |
| TENNESSEE; and NORMAN LEWIS, ) | |
| Sheriff of the Montgomery County ) | |
| Sheriff's Department, in his official ) | |
| and individual capacity ) | |

O R D E R

As provided herein, the plaintiff's "Motion to Compel or in the Alternative Deem Documents as Business Records" (Docket Entry No. 61) is DENIED.

Based on the defendants' response (Docket Entry No. 62),[1] their responses to plaintiff's requests for production at issue fall into four broad categories: (1) responses to Requests Nos. 2, 3, 6, and 35, which the defendants authenticated; (2) responses to Requests Nos. 8, 9, 10, 11, 12, 15, 19, 22, 23, 25, 28, 29, 32, 33, and 34, which refer to documents produced and authenticated in response to Requests Nos. 1, 2, 3, and 6; (3) responses to Requests Nos. 17 and 26, and 31, in which the defendants responded that they did not have custody, possession or control of the requested documents; and (4) responses to Document Nos. 13 and 30, in which the defendants indicate that they are not sure what documents the plaintiff seeks and, in the case of its response to Request No. 13, assert attorney-client privilege and work product protection, and, in the case of Request No. 30, the defendants rephrased the request and responded that they did not have any responsive documents. See Docket Entry No. 62-2.

After review of their responses, the Court agrees that the defendants have authenticated the documents that they have produced that are the defendants' documents, and they have legitimately objected to Requests Nos. 13 and 30, and responded, as best they could, to Request No. 30.

---

[1] The plaintiff did not file or seek to file a reply to the defendants' response.

Simply put, with one exception, it does not appear that there are any documents produced by the defendants that the defendants were not willing to authenticate. The defendants declined to authenticate the plaintiff's unemployment records, claiming that they were not the official records of the defendants.

However, to the extent that the plaintiff seeks cell phone records of defendant Lewis, as requested in Request No. 17, the plaintiff shall have leave to engage in third party discovery to attempt to obtain those records, and, to the extent that the plaintiff seeks to authenticate the plaintiff's unemployment records, the plaintiff shall have leave to depose a proper custodian of those records.

All such discovery shall be completed no later than August 31, 2011.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge