# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GABRIEL SEGOVIA, | ) |
|     Plaintiff, | ) No. 3:10-cv-0325 |
| | ) |
| v. | ) Judge Sharp |
| | ) Magistrate Judge Griffin |
| MONTGOMERY COUNTY, TENNESSEE. | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM

Plaintiff, Gabriel Segovia, filed a motion for attorney's fees and costs (Docket Entry No. 153), to which Defendant, Montgomery County, Tennessee, filed a response in opposition (Docket Entry No. 167), and Plaintiff filed a reply (Docket Entry No. 171).[1] The Court has reviewed all the papers filed in support of, and in opposition to, Plaintiff's motion. For the reasons discussed herein, Plaintiff's motion will be granted.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff filed his lawsuit against Defendant on March 30, 2010, which contained the following claims for relief: (1) First Amendment retaliation, (2) violation of his First and Fourteenth Amendment rights, (3) violation of his right to political association, (4) due process, 42 U.S.C. § 1983 deprivation of property and interest in continued employment and, (5) wrongful termination. The sole claim of First Amendment retaliation proceeded to a jury trial on

---

[1] An evidentiary hearing was held on September 19, 2013, on Plaintiff's motion. Plaintiff was instructed to file a supplemental motion within two weeks of that date. Plaintiff filed a supplemental motion on October 3, 2012, to which Defendant filed a response, and Plaintiff filed a reply. *See* (Docket Entry Nos. 191, 192, 194 and 195).

1

July17-19, 2013. Plaintiff was awarded the stipulated amount[2] of $79,382.81 as back pay. No other damages were awarded to Plaintiff. (Docket Entry No. 149).

## II. ANALYSIS

Plaintiff moves this Court for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Federal Rules of Civil Procedure 54(d)(2). (Docket Entry Nos. 153, 192). The amount of attorney's fees sought in Plaintiff's motion is $161,274.50.[3] This amount is calculated by multiplying the number of hours worked on this case by Robert Martin ("Martin"), by the hourly rate of $350 per hour.[4] Plaintiff seeks a fee award for Martin's services as well as paralegal time.

Defendant objects to "counsel's request for fees on the basis of both the hourly rate[5] and the number of hours he claims to have devoted to the case." (Docket Entry No. 167 at 4). Defendant continues, "a downward adjustment is appropriate when you consider the results obtained." (*Id.*). Furthermore, "[i]n that Plaintiff's counsel has held himself out as an expert, the number of hours billed for relatively straight forward litigation tasks should be reduced . . ." (Docket Entry No. 194 at 5).

---

[2] *See* (Docket Entry No. 144, *Stipulations*).

[3] Plaintiff's fee amount changed multiple times throughout his filings. Ultimately, in his latest filing, Plaintiff requested an amount of $161,274.50. (Docket Entry No. 195 at 3).

[4] Martin's customary hourly rate is $350.00. (Martin Aff. at ¶9). According to Martin, he reduced trial preparation time from June 26, 2013 - July 5, 2013 to request $150.00 per hour. (Docket Entry No. 192 at 1, fn 1).

[5] Defendant disputes the hourly rate of Plaintiff's counsel. *See* (Docket Entry No. 167 at 4-5 and 194). Since opening his own law practice in 1993, Martin has "actively engaged in employment litigation, soley representing employees in race, age, handicap and gender discrimination." (Martin Aff. at ¶3(j)). With Martin's purported experience, reputation, and ability in the area of employment litigation, the Court will reluctantly allow the rate of $350.00 per hour. *See* (Mark S. Levan Aff. at ¶13, Debra A. Wall Aff. at ¶11, Mark R. Olson Aff. at ¶11) (Affiants in support of Martin's hourly rate).

42 U.S.C. § 1988 provides, that in certain civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *See* 42 U.S.C. § 1988(b); *Hensley v. Eckerhart*, 461 U.S. 424, 426, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). When considering a petition for attorney fees, the court must first determine whether the petitioning party was the prevailing party. *See Hensley*, 461 U.S. at 433. The next step for the court is to determine what fee is "reasonable." *See id*; *see* also *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995).

The Court finds (and the parties do not dispute) that Plaintiff is the prevailing party pursuant to 42 U.S.C. § 1988. After determining whether a plaintiff is a "prevailing party," the Court must then determine what fee is "reasonable." *Hensley*, 461 U.S. at 433 (citation omitted); *see*, e.g., *Hadix*, 65 F.3d at 535.

"A reasonable fee is one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Dowling v. Litton Loan Serv., LP*, 320 Fed. Appx. 442, 446 (6th Cir. 2009) (quoting, *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). A determination of reasonableness begins with the "lodestar" method of calculation, *i.e.*, determining a reasonable fee based on a reasonable hourly rate and reasonable number of hours of service. The United States Supreme Court described the lodestar method in *Hensley*, 461 U.S. at 424 and 433, as follows:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

A list of the factors to consider in establishing the lodestar fee and adjusting the fee was enunciated by the Fifth Circuit Court of Appeals in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Johnson factors have now become part of the settled law of lodestar analysis under both the United States Supreme Court and Sixth Circuit decisions. These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.4; *Blanchard v. Bergeron*, 489 U.S. 87, 92 n.5, 103 L.Ed.2d 67, 109 S.Ct. 939 (1989); *Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999).

The Court has considered the aforementioned factors and concludes a substantial reduction is proper in this case. Based on the Court's personal observations of counsel during the course of this litigation, the prior hearing on attorneys' fees during which counsel made numerous admissions about the inaccuracy (to put it kindly) of his original application, a thorough review of the information and supporting documents before the Court, and in conjunction with an analysis of the aforementioned lodestar factors, the Court finds that the total number of hours for Martin will be reduced by 75%, which results in a fee award of $40,318.63.

Additionally, Plaintiff seeks costs incurred in the amount of $4,066.70. Defendant submits that the Court should disallow "those costs which are not allowable under the law or are unsupported with appropriate documentation." (Docket Entry No. 194 at 6).

There are two separate sources of authority for an award of out-of-pocket litigation expenses. *See Northcross v. Bd. of Ed. of Memphis City Schs.*, 611 F.2d 624, 639 (6th Cir. 1979

(citations omitted). One source is 42 U.S.C. § 1988. *Northcross*, 611 F.2d at 639. Expenses authorized pursuant to § 1988 include "incidental and necessary expenses incurred in furnishing effective and competent representation." *Id.* Such expenses include reasonable photocopying, paralegal expenses, and travel and telephone costs. *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1023 (N.D. Ohio 1997).

Other litigation costs are provided for under a different source of authority, that of 28 U.S.C. § 1920. *Northcross*, 611 F.2d at 639. These include, "docket fees, investigation expenses, deposition expenses, witness expenses, and the costs of charts and maps." *Cleveland*, 965 F. Supp. at 1023 (citing *Northcross*, 611 F.2d at 639 (citations omitted)). Costs pursuant to § 1920 encompass those awarded under Federal Rule of Civil Procedure 54(d), which provides for an award of costs, other than attorney's fees, to prevailing parties. Fed. R. Civ. P. 54(d). While Rule 54(d) creates a presumption in favor of an award of costs, a court's discretion to award costs is also limited by the statutory definition of costs in 28 U.S.C. § 1920. *See Crawford v. Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

Plaintiff has provided the Court with an itemized sheet of costs associated with this case and has provided documentation as to some of those expenses allowable under 42 U.S.C. § 1988. The documentation includes Martin's mileage and parking expenses as well a single photocopy receipt from FedEx Office. (Docket Entry No. 192-1). Plaintiff has failed to provide sufficient legal justification for an award on any other expense recoverable under Section 1988. Consequently, Plaintiff will be awarded $438.45 for expenses authorized pursuant to 42 U.S.C. § 1988.

Plaintiff failed to comply with Local Rule 54.01 in seeking costs under 28 U.S.C. § 1920, which requires that a Bill of Costs with supporting documentation be submitted to the Clerk of

Court within thirty (30) days from the entry of judgment. Rather, thirty-nine (39) days after the entry of judgment, Plaintiff filed a *Motion to Allow Bill of Costs*. (Docket Entry No. 178). The Clerk of the Court entered a *Notice Regarding Taxation of Costs* on January 15, 2014, denying the motion. (Docket Entry No. 205). Plaintiff filed an objection on January 21, 2014. (Docket Entry No. 208).

The Local Rule sets out specific procedures that the claiming attorney must follow, and the Court expects litigants to be familiar with rules and follow them. Plaintiff's counsel should be extremely familiar with the Local Rules since he was admitted to practice in this district "on or about June 5, 1991." *See* (Martin Aff. at ¶3(c)). The Court concurs with the Clerk's denial as being untimely, and therefore, Plaintiff's objection will be overruled. Consequently, any costs sought under 28 U.S.C. § 1920, will not be awarded to Plaintiff.

### III. <u>CONCLUSION</u>

For all of the reasons stated, *Plaintiff's Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 and FRCP 54(d)(2)* and *Plaintiff's Supplemental Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 and FRCP 54(d)(2)* (Docket Entry Nos. 153 and 192) are hereby GRANTED. Plaintiff shall be awarded $40,318.63 for reasonable attorney's fees and $438.45 for costs in this matter.

Furthermore, *Plaintiff's Objection to Notice Regarding Taxation of Costs* (Docket Entry No. 205) is hereby OVERRULED.

An appropriate Order shall be entered.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE