UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GABRIEL SEGOVIA, | ) |
| | ) No. 3:10-cv-0325 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Sharp |
| | ) Magistrate Judge Griffin |
| MONTGOMERY COUNTY, | ) |
| TENNESSEE. | ) |
| | ) |
| Defendant. | ) |

# ORDER

Pending before the Court is *Plaintiff's Motion for Pre-Judgment [sic] Interest* (Docket Entry No. 159), to which Defendant filed a response, and Plaintiff filed a reply. (Docket Entry Nos. 169 and 174).

Following a jury trial in July 2013, Plaintiff obtained an award of $79,382.81 in back pay. (Docket Entry No. 149). Plaintiff now seeks prejudgment interest on the award of back pay at a 6% interest rate.

Defendant argues that should the Court award the prejudgment interest, it should award a "much lower amount." (Docket Entry No. 169 at 2). First, Defendant claims, much of the delay associated with the trial is specifically attributable to Plaintiff.[1] (*Id.*). Ultimately, Defendant contends, Plaintiff requested four continuances of the trial in this matter.[2] (*Id.*). Second, Defendant urges that Plaintiff's requested rate is "unrealistic." (*Id.*). Defendant contends

---

[1] In his reply, Plaintiff admits he sought four continuances but asks the Court to refrain from penalizing him. He contends any delay was "necessitated by [his] medical conditions, and certainly was not within his control." (Docket Entry No. 174 at 4).

[2] The Court granted all four requests but stated in an Order that "[n]o further continuances [would be given] absent extraordinary circumstances." *See* (Docket Entry No. 100).

"[t]here was no testimony at the trial of this matter regarding Plaintiff's claimed entitlement to prejudgment interest." (*Id.* at 3). Further, "there is no stated basis for the 6% figure suggested by Plaintiff in his Motion." (*Id.*).[3] Rather, Defendant encourages the Court to use the 52-week Treasury Bill rate as a guide for calculating the interest – and contends the rate should be 0.59%, which was "the average rate for the week preceding the accrual of Plaintiff's cause of action." (*Id.*).

As the Sixth Circuit has explained, "[p]rejudgment interest is usually appropriate to make a discrimination plaintiff whole" and an award of prejudgment interest "is an element of complete compensation" in a back pay award. *United States v. City of Warren,* 138 F.3d 1083, 1096 (6th Cir. 1998) (citing *Thurman v. Yellow Freight Systems, Inc.,* 90 F.3d 1160, 1170 (6th Cir. 1996)). "[V]ictims of discrimination should not be penalized for delays in the judicial process, and discriminating employers should not benefit from such delays." *Id.* (citing *Thurman,* 90 F.3d at 1170). "The purpose of awarding prejudgment interest ... is to compensate victims both for the time value of the lost money as well as for the effects of inflation." *Id.* (citing *EEOC v. O'Grady,* 857 F.2d 383, 392 (7th Cir.1988)). The Sixth Circuit has consistently held that "[t]he award of prejudgment interest is within the sound discretion of the trial court," *L–S Indus. Inc. v. Matlack,* 448 Fed. Appx. 597, 598 (6th Cir. 2012).

Federal law does not set a rate for prejudgment interest, but the Sixth Circuit has approved the use of the 52–week Treasury Bill rate prescribed in 28 U.S.C. § 1961 for post-judgment interest as a reasonable guide for the calculation of prejudgment interest as well.

---

[3] Plaintiff counters in his reply brief that "[t]he State rate of pretrial interest is approximately 5.25%. See, T.C.A. § 47-14-123." (Docket Entry No. 174 at 4). Plaintiff does not, however, expand on that argument as to his proposed 6% interest rate.

*Rybarczyk v. TWR, Inc.*, 235 F.3d 975 (6th Cir. 2000); *Caffey v. UNUM Life Ins. Co.,* 302 F.3d 576, 585 (6th Cir. 2002).

The Court finds an award of prejudgment interest is appropriate in this case. The Court will not, however, award prejudgment in the amount of 6% percent as requested by Plaintiff. First, Plaintiff has failed to provide a single compelling reason as to why 6% should apply in the case at hand. Second, the request is unreasonable under the circumstances surrounding this case. Not only would this be a "windfall particularly in light of the current economic climate [,]" *Krystal Co. v. Caldwell,* 2012 WL 876794 at * 11 (E.D.Tenn. 2012), it would be a windfall because this case was delayed several months due to Plaintiff's requested continuances.[4] *See, Metro. Gov't of Nashville & Davidson County v. BFI Waste Serv. LLC,* 2012 WL 1018946 at –––– 12–13 (Tenn.Ct.App. Mar. 22, 2012) (noting that among factors to be considered in award or denial of prejudgment interest is unreasonable delay of the proceedings by a party).

Consequently, the Court finds that the appropriate rate to use in this case is set forth in 28 U.S.C. § 1961, which states that interest shall be calculated at a rate equal to the weekly average of one year constant maturity yield on Treasury Bills. Considering the totality of circumstances in this case and applying the principles of equity, the Court finds that a rate of 0.59% per annum is appropriate.

Accordingly, Defendant's motion is hereby GRANTED.

---

[4] The Court accepts as true that Plaintiff's delays were due to his medical condition and does not consider such delays unreasonable per se. However, the Court cannot ignore the fact that a significant amount of time lapsed in this case because of these requests.

It is so **ORDERED**.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE