# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GABRIEL SEGOVIA, | ) |
| | ) No. 3:10-cv-0325 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Sharp |
| | ) Magistrate Judge Griffin |
| MONTGOMERY COUNTY, | ) |
| TENNESSEE. | ) |
| | ) |
| Defendant. | ) |

## ORDER

This litigation is an employment discrimination action between Plaintiff Gabriel Segovia and Defendant Montgomery County, Tennessee. Pending before the Court is *Plaintiff's Motion for Equitable Remedies Pursuant to 42 U.S.C. § 1983* (Docket Entry No. 160), to which Defendant filed a response, and Plaintiff filed a reply. (Docket Entry Nos. 168 and 172). In conjunction with said motion, Plaintiff has also filed two *Motion[s] to Ascertain Availability of a SRO Position* (Docket Entry Nos. 200 and 203).

Following a jury trial in July 2013, Plaintiff obtained an award of $79,382.81 in back pay. This amount was previously stipulated to by the parties. (Docket Entry No. 149). Plaintiff's counsel also requested an additional $250,000.00 for compensatory damages in closing argument, but the jury awarded him $0. *See* (Docket Entry No. 149, Redacted Verdict Form).

Plaintiff now seeks additional relief from the Court, which includes reinstatement (or in the alternative, front pay); expungment of his personnel file of any references to his termination and Defendant's IA file; reinstatement of his seniority status, health insurance, sick time, out-of-

1

pocket medical expenses, and any and all other fringe benefits lost as a result of his wrongful termination; and retirement benefits from the date of his termination to the present. Defendant has responded in opposition to the requested relief in its entirety.

The Court has previously addressed some of these issues at the pretrial conference and/or at the trial in this matter. Particularly, evidence regarding out-of-pocket medical expenses, coverage and/or certain other benefits available under an applicable insurance plan, and retirement benefits was excluded from trial.[1] As Plaintiff's counsel is well aware, the Court instructed the parties to provide additional briefing on these remedies at the pretrial conference, and Plaintiff's counsel submitted a "chart" filled with monetary values for each section of relief sought – without any legal analysis (or even the slightest argument in support) whatsoever. *See* (Docket Entry No. 138, Plaintiff's Damages Brief). The Court ultimately denied Plaintiff's request of offering proof as to these damages because he had failed to identify any competent witnesses on this these topics, himself included. Consequently, the Court's ruling shall stand on these remedies.

Plaintiff has also asked the Court that he be reinstated as an SRO at an elementary school in Montgomery County. (Docket Entry No. 160 at 1). In addition to reinstatement, Plaintiff seeks "expungment of his personnel file of any references to his wrongful termination, expungment of the Defendant's IA file, reinstatement of his seniority status, . . . and any and all other fringe benefits lost as a result of his wrongful termination." (*Id.* at 2). Further, Plaintiff continues, "if it is shown that this is not practicable, [Plaintiff] is entitled to front pay." (*Id.*).

---

[1] The Court also excluded evidence of an award of sick time, as Defendant's policy does not provide for the payment of sick time.

This is the first time Plaintiff has requested such relief. Evidence of neither reinstatement nor front pay was introduced at trial.

Reinstatement is the "presumptively favored equitable remedy" in discrimination cases. *See Roush v. KFC Nat'l Mgmt. Co.,* 10 F.3d 392, 398 (6th Cir. 1993). An award of front pay is generally considered only after determining that reinstatement is inappropriate. *See Suggs v. Servicemaster Educ. Food Mgmt.,* 72 F.3d 1228, 1234 (6th Cir. 1996). Even then, an award of front pay is not automatic. *See Roush,* 10 F.3d at 398. In *Hudson v. Reno,* 130 F.3d 1193 (6th Cir. 1997), the Sixth Circuit considered the standard for reinstatement:

> Although reinstatement is "the presumptively favored equitable remedy ... [it] is not appropriate in every case, such as where the plaintiff has found other work, where reinstatement would require displacement of a non-culpable employee or where hostility would result." *Roush, supra,* 10 F.3d at 398 (citations omitted); *See also Shore v. Federal Express Corp.,* 777 F.2d 1155, 1159 (6th Cir.1985) (reinstatement inappropriate where it results in displacement or where the hostility between the parties "precludes the possibility of a satisfactory employment relationship").

The Court concludes reinstatement is not appropriate in this case. There was no evidence presented at trial establishing reinstatement would be appropriate; moreover, given the circumstances surrounding Plaintiff's termination and the Court's assessment of the demeanor of defense witnesses, it is likely hostility would exists upon his return to work.

"While the determination of the precise amount of an award of front pay is a jury question, the initial determination of the propriety of an award of front pay is a matter for the court." *Arban v. West Pub. Corp.,* 345 F.3d 390, 406 (6th Cir. 2003). Further, "[a] plaintiff who seeks an award of front pay must provide the district court with the essential data necessary to calculate a reasonably certain front pay award." *Arban v. W. Publ'g Corp.,* 345 F.3d 390, 407

(6th Cir. 2003). The Sixth Circuit has explained that

> awards of front pay must be guided by consideration of certain factors, including an employee's duty to mitigate, the availability of employment opportunities, the period within which one by reasonable efforts may be re-employed, the employee's work and life expectancy, the discount tables to determine the present value of future damages and other factors that are pertinent on prospective damage awards.

*Roush*, 10 F.3d at 399 (internal quotation marks omitted). Plaintiff failed to offer evidence of any of these factors. Moreover, Plaintiff did not move for an award of front pay at any point during the trial nor did he ask that the jury be instructed as to front pay damages. Hence, the Court will not award front pay damages in this matter.

Accordingly, Defendant's motion (Docket Entry No. 160) is hereby DENIED in its entirety. Furthermore, *Plaintiff's Motion[s] to Ascertain Status of Availability of Student Resource Officer Position* (Docket Entry Nos. 200 and 203) are hereby DENIED as moot.

It is so **ORDERED**.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE